DETERMINED IN

# THE SUPREME COURT

OF

## WYOMING TERRITORY.

## JULY TERM, 1873.

---

## McGLINCHEY *v.* MORRISON.

EVIDENCE.—The best evidence which the nature of the case will admit of, and which can be obtained by the party, should be adduced.

IDEM.—Secondary evidence should never be admitted, except where it is impossible to procure testimony of a higher and better character.

IDEM.—A copy of an execution, under which goods have been levied upon, made from memory, although verified, is inadmissible.

APPEAL from the District Court for Sweetwater County.

The opinion contains a sufficient statement of the facts in this case.

*W. W. Corlett,* for appellant, made the following statements and citations: In this case there are but two errors assigned which it is necessary for the court to consider; for although the overruling of the defendant's motion for a new trial is assigned as an error of the court below, still, as the motion for a new trial is based solely upon errors of the court during the trial, it is only necessary to consider the two errors alleged to have occurred during the trial.

I. The error assigned is found on the twenty-seventh page of the transcript on file in this cause, and relates to the exclusion of the sworn copy of an execution offered in evidence by the defendant in the court below; upon this point reference is made to the following authorities: 1 Phil. on Ev. 489; 2 Phil. on Ev., chap. 5; 1 Greenl. on Ev. 628.

II. The second error assigned is found on the twenty-ninth page of the transcript filed herein, and relates to the instructions given by the court to the jury, in which the court charged the jury that there was no such evidence before the jury as would justify them in finding that the defendant took the goods under an execution. Upon this point reference is made to the following authorities: 1 Wait's Dig. 127; 4 E. D. Smith, 276; 47 Barb. 388, 501; 16 Johns. 348; 18 Id. 544; 20 Wend. 555; 1 Denio, 520; 3 Gra. & Wat. 768.

*Amos Steck*, for appellee.

By the Court, FISHER, C. J. (THOMAS, J., dissenting.) This was an action in replevin, brought by the plaintiff against the defendant, who was sheriff of Sweetwater county, to the June term, A. D. 1871. At the June term, A. D. 1872, the case was tried before Mr. Justice Carey, and a verdict rendered by the jury in favor of the plaintiff, finding the right to the possession of the property in him, and assessing his damages at twenty-five cents. .

The only error complained of and relied upon by the defendant, who is the appellant, was to the charge of the court to the jury. The record of the evidence is that on the trial of the cause it was shown that a judgment had been obtained in Laramie county against one Luke Joice, upon which judgment an execution was placed in the hands of the defendant in this action, who proceeded to levy on the stock of goods in the possession of Joice; but that before the said levy was made the plaintiff gave notice to the sheriff that the said stock of goods belonged to him and not to

Joice.   Upon the trial the defendant gave these and other matters in evidence and offered a copy of the alleged execution made out by himself from recollection, which was objected to by plaintiff's counsel and rejected by the court. After the evidence had been submitted and the cause argued by counsel, the court charged the jury as follows:

1. That "the plaintiff must recover on the strength of his own title."

2. "If the sale to Morrison was secret, and the goods remained in the possession of the vendor, the sale was void as to creditors."

3. That there was no such evidence before the jury that would justify them in finding that the defendant took the goods under an execution, as alleged in the defendant's answer.

To which third and last instruction the defendant then and there excepted, and assigned said instructions as error. We fail to discover any error in the instruction complained of.   It is a well settled rule of evidence that a party must make out his case by the best evidence which can be had. In this case a certified copy of the record of the judgment, or at least of the execution (the judgment having been obtained and execution issued from Laramie county), would have been perhaps the best evidence, or a compared copy might possibly have been resorted to; but we cannot understand how it could be insisted upon that months after a levy had been made, and the execution returned, the sheriff could from memory make out a paper and swear that it was a copy of an execution upon which he had levied on a stock of goods and made his return.

The judgment is affirmed.